Nov. Term,
1838.

CRAIG
v.
BROWN.

*Friday,*
*November 23.*

---

CRAIG *v.* BROWN.

The following words spoken of a postmaster in reference to his official character,—"He would rob the mail for 100 dollars; yes, he would rob the mail for 5 dollars,"—are actionable.

*Saturday,*
*November 24.*

ERROR to the *Ripley* Circuit Court.

SULLIVAN, J.—Slander. The plaintiff below at the time of the speaking of the words mentioned in the declaration, was postmaster at *Versailles,* in the county of *Ripley.* The declaration contains two counts. The first count charges that the defendant below spoke of and concerning the plaintiff, and in reference to his official character, the following words: "He would rob the mail for 100 dollars ; yes, he would rob

the mail for five dollars. I believe that he would rob the mail for 100 dollars ; yes, I believe he would rob it for five dollars." In the second count, the plaintiff alleges that the defendant below charged him with keeping, detaining, and smuggling his (defendant's) letters that came to the office of which plaintiff was postmaster. As no question arises before us upon the second count, or the pleas pleaded to it, it is not necessary to notice it more particularly.

The defendant pleaded to the first count the general issue, and a special plea as follows,—" *Actio non*, because he says that at, &c., when, &c., he spoke the said several supposed slanderous words in said first count mentioned, he, the said *Craig*, did believe that the said *Brown* would then and there rob the mail for the sum of either 100 dollars or five dollars, and therefore he the said *Craig* did speak, utter, and publish the said words in said count mentioned, &c." On the first plea issue was joined, and to the second the plaintiff filed a general demurrer. The Court decided the law on the demurrer to be for the plaintiff, and the cause was then submitted on the plea of not guilty to a jury, who returned a verdict for the plaintiff; and judgment was rendered accordingly.

The plaintiff in error does not insist on the sufficiency of the plea demurred to, but contends that the words in the count to which it was pleaded are not actionable ; that the demurrer reached the defect in the count ; and that the Court ought to have decided the law on the demurrer to be for the defendant.

If the words charged had been spoken of a person not in office, it may be they would not have been actionable. But words which are not actionable when spoken of a common person, may be so when applied to a person holding an office of trust or profit ; and the reason is, that he is in danger of being excluded from office.

In *How* v. *Prinn*, 2 Salk. 694, the Court held that in offices of profit, words that impute a defect of integrity, &c., are actionable. *Starkie* in his Treatise on Slander, page 100, in speaking of the grounds of the action of slander by a person in office, says, when the office is lucrative, words which reflect upon the integrity, &c. of the plaintiff, render his tenure precarious, and are *therefore, pro tanto*, a detriment in

a pecuniary point of view. The same author at page 110, in reference to the *certainty and precision* requisite to make the words actionable, says, " the only question arising upon this point seems to be, do the words in any degree prejudice the plaintiff in his office, profession, or employment ? If they do, they are actionable." To say of a bishop " that he is a wicked man" is actionable, because the words virtually represent him as unfit to hold that office or situation. 2 Mod. 159. So, words spoken of attorneys and physicians, or merchants and traders, whereby public confidence is lost, and their credit impaired, are actionable ; and so, it seems, are all words falsely and maliciously spoken of a person in any lawful employment by which he may gain his livelihood. *Demarest* v. *Haring*, 6 Cowen, 76.

Tested by the foregoing principles, we think the words in the first count of the declaration before us are actionable, and that the judgment should be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*S. C. Stevens*, for the plaintiff.
*J. Dumont*, for the defendant.